NATALIE duPONT EDMONDS and HUGH R. SHARP, JR., Executors of the Last Will and Testament of PIERRE S. duPONT, Deceased, Plaintiffs,

*vs.*

JAMES A. WHITE, WILLIAM H. KRAEMER, ELLEN G. WHITE, MARY ETHEL HUNT, OPHELIA DENT, EMILY STORCK KRAEMER, JOHN KUDLACEK, WILLIAM FARRINGTON, FRANK L. BATTAN, HAYES H. BATTAN, EDWARD A. GARBRIGHT, JOHN M. JOHNSON, ROY JOHNSON, CORNELIUS J. KENNEY, JOHN MacINNES, JOHN H. MARX, CATHERINE A. McALLISTER, FRANK S. MILLER, FRED MILLER, ALICE S. PIERSON, CARL F. PYLE, ERNEST R. ROBINSON, ERNEST F. SAUNDERS, LEWIS B. SMITH, ROLAND W. TAYLOR, GEORGE E. THOMPSON, CALEB S. TOULSON, JAMES P. TRUSS, EDNA S. WADE, EDGAR L. WHITE and LONGWOOD FOUNDATION, INC., a corporation of the State of Delaware, Defendants.

*New Castle, December 2, 1955.*

*William S. Potter* of Berl, Potter and Anderson for plaintiffs.

*Edmund N. Carpenter, II,* of Richards, Layton & Finger, Wilmington, for individual defendants.

*Alexander L. Nichols,* of Morris, Steel, Nichols & Arsht, Wilmington, for defendant, Longwood Foundation, Inc.

SEITZ, Chancellor: Based on the evidence and arguments of counsel I have reached the following conclusions with respect to the instructions requested by the executors:

1. The executors, who in respect to certain of the matters here treated are really trustees, are authorized to purchase the annuity contract in substantially the form set forth in Exhibit C to the complaint as modified by the agreement of counsel. (Codicils Nos. 12, 13, 14, 16, 17, 19, 22, 26).

2(a). The executors are authorized to purchase a contract in substantially the form annexed to the complaint as Exhibit D, with modifications agreed on by counsel, for the purpose of satisfying the provisions of Codicil 11 with respect to the $500,000 pension fund.

2(b). The executors seek authority to deduct Social Security benefits payable to a retired employee under Codicil 11 even though the Social Security benefit is not actually paid by reason of other employment or for some other cause. The beneficiaries of the so-called pension fund contend that Social Security benefits for which a pensioner is ineligible do not under the will operate to reduce the amount of the pension to which he is entitled.

Codicil 11 first sets up the pension trust, then provides terms, conditions, and identification of beneficiaries. It goes on to provide the method for computing the pension as follows:

> "1½% times the number of years of 'continuous employment' with Pierre S. duPont times the annual compensation of the employee at the date of my death minus the amount of any 'government pension'."

The Codicil also contains certain definitions including the following definition of the term "government pension".

> "(5) The term 'government pension' means any pension, annuity or similar benefit payable to the retired employee under the laws or regulations of any nation or state, or political subdivision thereof and based upon or attributable to any employment other than service in the armed forces."

Whether a government pension is "payable" within the meaning of this will when a pensioner is ineligible to receive Social Security payments because of earned income is a matter not free from reasonable doubt. The executors say it is not "payable" while pensioners say it is. Certain it is that the pensioner cannot receive the payment from the Social Security agency. But this Court is concerned with the testator's intention. The will provides no great help and, as the parties indicate, the word "payable" itself is susceptible of different constructions.

Practical considerations also tend to support both constructions. Thus, it could be said that paying the full amount from the pension fund when the pensioner has other earned income constitutes an unwarranted encroachment on the fund. On the other hand, not to pay the full pension in such a case is possibly to penalize initiative.

We have here then a testator who created a pension plan involving some 23 persons and "integrated" it into the government pension system with all the resultant complexities. This "integrated" approach is not an unusual practice today in business pension programs. As the brief of counsel for the pensioners demonstrates, there are innumerable problems of eligibility, etc., involved in the administration of the Social Security program. Indeed, in the Social Security agency there are many administrative rulings and opinions of counsel dealing with such questions. It is therefore not surprising to find that the testator also provided that,

"in the administration of the pension fund, it is my desire and I direct and authorize that the decisions and judgment of the executors of my estate in all questions pertaining to eligibility, retirement dates, computations of pensions and bequests and in all matters pertaining to investment, reinvestment and conservation of said pension fund shall be final and conclusive in their absolute discretion, * * *"

The quoted provision would seem to give the executors the power to deal fully with the matters therein mentioned. In view of the matters mentioned above, I believe a decision by the executors as to the deductibility of Social Security in the situation here involved

is authorized by the quoted provision. I agree with pensioner's counsel that the power granted by the quoted provision is not without limitation, *e. g.*, good faith, and I have no quarrel, generally speaking, with the limitations which he suggests. But I cannot agree that the quoted provision is limited to exculpation of the executors in matters arising out of the application of an erroneous accounting method or in a mistaken calculation made in good faith in an area where reasonable men might differ. A cursory reading of the quoted provision shows that it is much broader. In my opinion it permits the executors in carrying out their duties to make a good faith determination as to whether the amount of a government pension is "payable" when a pensioner is ineligible to receive it because of other income. We are not concerned with a question as to which there can be no reasonable difference of opinion. Here the meaning of the language to be construed is not free from reasonable doubt.

Under the circumstances of this case and in the area mentioned, I believe the executors have the power to make a conclusive good faith determination as to the question posed. It is not a question as to what the Court would have decided in the absence of this grant of discretionary power to the executors. I therefore decline to give the executors instructions thereon.

3. The executors are authorized to deposit with the Wilmington Trust Company, as their, in effect, successor trustee, the unexpended balance of the $2,000,000 special fund provided for in Codicil No. 11. However, the designation of the Wilmington Trust Company shall be subject to a provision whereby the Company shall consult with the executors in connection with its investment of such trust funds. This provision shall apply only to the named individuals. But the sole final responsibility for determining investment policy shall be in the Company.

Order on notice.